UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CORNELL MCKAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15-cv-01315-JAR |
| ) | |
| CITY OF ST. LOUIS, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a Motion to Quash Subpoena filed by non-party Movant Office of the St. Louis County Prosecuting Attorney. (Doc. 148.) Plaintiff Cornell McKay filed a memorandum in opposition (Doc. 168), and Movant replied (Doc. 169).

**Background**

Plaintiff alleges in his second amended complaint that detectives of the St. Louis Metropolitan Police Department's 9th District knowingly ignored exculpatory evidence, obvious alternative suspects, and the advice of St. Louis homicide detectives when they arrested Plaintiff for the 2012 robbery of Jane Doe in the city's Central West End neighborhood. (*See* Doc. 78.) In addition, Plaintiff alleges that the St. Louis Circuit Attorney's Office pursued a conviction against him in spite of the substantial evidence that another man had committed the robbery.[1] (*Id.*)

Plaintiff has served Movant with a subpoena seeking "[a]ll records, data, activity logs, communications, recordings, and reports related to Jonathan Perkins (a/k/a Johnathan Perkins)

---

[1] The Missouri Court of Appeals vacated Plaintiff's conviction. (Doc. 78 at 3.)

and Keith Esters. Case Numbers 12SL-CR09506-01 and 12SL-CR09507-01 respectively." (Doc. 148-1.) Perkins and Esters were ultimately convicted of the Doe robbery. Movant moved to quash the subpoena, raising numerous objections as to the scope of the subpoena, the relevance of the materials sought, and the discoverability of the documents subject to it. (Doc. 148.)

## Discussion

Under Fed. R. Civ. P. 45(d)(3)(A), a court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Movant argues that the subpoena seeks privileged attorney work-product and that because the unprivileged material is available through other means, compelling non-party Movant to produce them is unduly burdensome. (Doc. 148.) Movant also asserts that the information sought is protected by Missouri law and not relevant to Plaintiff's suit. (*Id.*)

a. The materials sought under the subpoena are not protected by the attorney work-product doctrine or Missouri's Sunshine Laws.

In December 2016, Plaintiff's former attorney filed with Movant a so-called "Sunshine Request" for documents in the custody of a government agency, seeking all records pertaining to the prosecution of Esters. (Doc. 169.) In response, Movant provided dozens of pages of documents and stated in a cover letter that "the only records not released are those documents that are attorney work product." (Doc. 169-1.) In addition, the letter informed Plaintiff that "items of physical evidence" had been returned to the St. Louis Metropolitan Police Department according to the office's policy. (*Id.*)

More than nine months passed before Plaintiff served his subpoena on Movant, asking again for all records and data relating to Esters's prosecution and adding a parallel request for records relating to Perkins. (Doc. 148-1.) Movant responded with a letter stating that it had withheld from its response to Plaintiff's Sunshine Request only fourteen pages, each of which contained either an attorney's handwritten notes or electronic summaries of the case prepared by attorneys. (Doc. 169-2.) It argues that those pages are clearly protected by attorney work-product privilege. (Doc. 169 at 2-3.) Movant further asserts that the contents of Perkins's file are "substantially similar" to Esters's file because they were co-defendants. (*Id.* at 2 n.2.) Movant argues that compelling it to produce such a redundant file would pose an undue burden and that Plaintiff's attempt to obtain anything more than he already has amounts to a fishing expedition for privileged attorney work-product. (*Id.* at 3-6.)

Federal Rule of Civil Procedure 13(b)(3) protects from discovery work-product an attorney "prepared in anticipation of litigation." Materials such as photographs or informational documents are discoverable "only upon a showing of substantial need and an inability to secure the substantial equivalent of the items through alternate means without undue hardship" while records of an attorney's mental processes, legal conclusions, or strategic designs are discoverable "only in rare and extraordinary circumstances." *Pittman v. Frazer*, 129 F.3d 983, 988 (8th Cir. 1997) (internal quotation marks and citations omitted).

Plaintiff asserts that the work-product doctrine does not extend to non-parties. (Doc. 168 at 2-3.) He cites *Schultz v. Talley*, 152 F.R.D. 181, 184 (W.D. Mo. 1993), for the proposition that "[d]ocuments prepared for one who is not a party to the present suit are wholly unprotected even though the person may be a party to a closely related lawsuit in which he will be disadvantaged if he must disclose in the present suit." (quoting 8 C. Wright & Miller, *Federal*

*Practice and Procedure* § 2024 at 202 (1970)) (collecting cases); *see also In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 924 (8th Cir. 1997) (noting the 9th Circuit's holding in *In re California Public Utils. Comm'n*, 892 F.2d 778, 781 (9th Cir.1989), that a non-party to litigation may not assert work-product doctrine)).

The Court recognizes that "[t]he purpose of the work-product doctrine is to promote the adversary system . . . by ensuring that an adversary cannot obtain materials that his opponent has prepared in anticipation of litigation." *Id.* (citing *Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1428 (3rd Cir. 1991)). To that end, the Court acknowledges that revealing the work-product prepared by attorneys who do not represent a party to the litigation does not offend the doctrine's purpose. Thus, Movant cannot avoid disclosure simply on the basis of the work-product doctrine.

Movant additionally argues that its work-product is protected under Missouri law. Under the Missouri Sunshine Law, any record or document that

> contains information that is reasonably likely to pose a clear and present danger to the safety of any victim, witness, undercover officer, or other person; or jeopardize a criminal investigation, including records which would disclose the identity of a source wishing to remain confidential or a suspect not in custody; or which would disclose techniques, procedures or guidelines for law enforcement investigations or prosecutions

is "closed" and not subject to disclosure. Mo. Rev. Stat. §§ 610.100.3, 610.021(14), and 610.021(3). Movant asserts that its attorneys' notes and work-product are therefore protected from Plaintiff's subpoena.

However, Missouri courts make clear that, in general, the state's prohibition on disclosure of closed records "only extends to the *public's* access to such files, and so [Plaintiff] correctly recognizes that if the information is 'material and favorable' to his case, the Sunshine Law does not *per se* bar its admission." *State v. Donovan*, No. ED 104625, 2017 WL 4782271,

at *7 n.4 (Mo. Ct. App. Oct. 24, 2017), *reh'g and/or transfer denied* (Dec. 19, 2017); *cf.* Mo. Rev. Stat. § 546.720 (expressly stating that the identity of the state execution team members is not discoverable by "subpoena, or other means of legal compulsion"—language not present in § 610.021(3) or (14)); *but see, Edwards v. Villmer*, No. 4:16CV1077 RLW, 2017 WL 2711600, at *4 (E.D. Mo. June 22, 2017) (citing Mo. Rev. Stat. § 610.100.2) (denying a motion to compel production of closed documents because "the documents requested either have been produced, are privileged and/or confidential documents, or do not sufficiently relate to [Plaintiff's] claims in this lawsuit"). Thus Movant's work-product is neither privileged under Rule 13(b)(3) nor shielded by Missouri's Sunshine Law.

### b. Compelling non-party Movant to disclose the contents of Perkins's file would pose an undue burden.

While Movant's work-product may not be privileged, the Court concludes that the subpoena should still be quashed as to the substantive material in Perkins's file on the ground that compelling Movant to comply would pose an undue burden on a non-party. The Court has discretion to limit discovery that seeks cumulative or duplicative material or material that can be obtained from some other, more convenient source. Fed. R. Civ. P. 16(b)(1). Plaintiff's demand for Perkins's file is both.

Movant represents that the contents of both files are substantially the same. (Doc. 169-2 at 2.) Having already produced the substantive contents of Esters's file, the Court will not compel Movant to expend its limited resources reproducing duplicative materials from Perkins's file. Additionally, even if the material in Perkins's file is not redundant, Plaintiff is already familiar with the procedure for obtaining it via the less-intrusive Sunshine Request or through one of the Defendants in this case. *See Enviropak Corp. v. Zenfinity Capital, LLC*, No. 4:14CV00754 ERW, 2014 WL 4715384, at *4 (E.D. Mo. Sept. 22, 2014) (collecting cases)

-5-

("District courts in the Eighth Circuit, on the basis of both FRCP 26(b) and 45(d), have found it practical in certain situations to require the subpoenaing party to make an attempt to obtain information from a party first.")

Plaintiff's assertion that "Prosecutors ... routinely take their color-coded folder containing the entirety of their file with them to each court appearance on a regular basis" as proof that producing the documents would require little effort is irrelevant. On balance, asking Movant to spend any time or effort would be unduly burdensome because Plaintiff can obtain the material himself. The Court will not compel Movant—which is not even a party to this action— to do it for him.

### c. Plaintiff fails to demonstrate that Movant's work-product is relevant to his suit.

As noted, the majority of the material covered by the subpoena is available to Plaintiff through a less-intrusive Sunshine Request and is duplicative or cumulative of material already in Plaintiff's possession. What remains is the small number of work-product documents which Movant may withhold from the Sunshine Request but which are not protected from discovery by any privilege. The Court concludes that those documents are not relevant and therefore need not be disclosed by Movant.

"Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had," but "a naked, general demand for these materials as of right" is not enough. *Hickman v. Taylor*, 329 U.S. 495, 511, 512 (1947); *see also United States v. Corbett*, No. 4:07-CR-435CAS, 2008 WL 2095740, at *1 (E.D. Mo. May 16, 2008) (citing *United States v. Hardy,* 224 F.3d 752, 755 (8th Cir. 2000) ("The party seeking production bears the burden to establish that the subpoenaed document (1) is relevant, (2) is admissible, and (3) has been requested with

sufficient specificity."). Plaintiff's relevance argument, such as it is, consists of a single sentence:

> The simple fact is that the documents and information sought by Plaintiff's subpoena is wholly relevant to the action before this Court and there is no other means of its discovery other than production of the entire case files for [Perkins and Esters] by the St. Louis county Office of the Prosecuting Attorney.

(Doc. 168 at 4.) Given that Movant was not involved in the investigation, arrest, or conviction of Plaintiff, the Court is not persuaded by Plaintiff's unsupported assertion that the withheld documents are essential to the preparation of his case.

The Court agrees with Movant that Plaintiff's broad request for "all records, data, activity logs, communications, recordings and reports" is little more than a "fishing expedition" launched in the hope that something useful will be found in Movant's work-product. (Doc. 169 at 4 (quoting *United States v. Shepard*, 2010 WL 750110, *2 (E.D. Mo. 2010)).) Plaintiff fails to even opine as to what relevant material might be returned. Likewise, as Movant asserts, Plaintiff fails to explain why the identity of witnesses or the legal strategies of Movant's attorneys in a separate murder trial bear on his claim that he was wrongfully prosecuted.

## Conclusion

In sum, the Court agrees with Movant that Plaintiff's broad subpoena seeks the documents in the "mere hope" that they might contain favorable evidence. (Doc. 169 at 5 (citing *United States v. Cuthbertson*, 630 F.2d 139, 149 (3d Cir. 1980)).) The majority of the material covered by the subpoena either is already in Plaintiff's possession or can easily be obtained through a Sunshine Request; it would be unduly burdensome to force Movant to supply them. To the extent Movant's work-product is outside the scope of the Sunshine Request, Plaintiff fails to demonstrate that those few documents are relevant to his suit.

Accordingly,

sufficient specificity."). Plaintiff's relevance argument, such as it is, consists of a single sentence:

> The simple fact is that the documents and information sought by Plaintiff's subpoena is wholly relevant to the action before this Court and there is no other means of its discovery other than production of the entire case files for [Perkins and Esters] by the St. Louis county Office of the Prosecuting Attorney.

(Doc. 168 at 4.) Given that Movant was not involved in the investigation, arrest, or conviction of Plaintiff, the Court is not persuaded by Plaintiff's unsupported assertion that the withheld documents are essential to the preparation of his case.

The Court agrees with Movant that Plaintiff's broad request for "all records, data, activity logs, communications, recordings and reports" is little more than a "fishing expedition" launched in the hope that something useful will be found in Movant's work-product. (Doc. 169 at 4 (quoting *United States v. Shepard*, 2010 WL 750110, *2 (E.D. Mo. 2010)).) Plaintiff fails to even opine as to what relevant material might be returned. Likewise, as Movant asserts, Plaintiff fails to explain why the identity of witnesses or the legal strategies of Movant's attorneys in a separate murder trial bear on his claim that he was wrongfully prosecuted.

## Conclusion

In sum, the Court agrees with Movant that Plaintiff's broad subpoena seeks the documents in the "mere hope" that they might contain favorable evidence. (Doc. 169 at 5 (citing *United States v. Cuthbertson*, 630 F.2d 139, 149 (3d Cir. 1980)).) The majority of the material covered by the subpoena either is already in Plaintiff's possession or can easily be obtained through a Sunshine Request; it would be unduly burdensome to force Movant to supply them. To the extent Movant's work-product is outside the scope of the Sunshine Request, Plaintiff fails to demonstrate that those few documents are relevant to his suit.

Accordingly,

**IT IS HEREBY ORDERED** that non-party Movant Office of the St. Louis County Prosecuting Attorney's Motion to Quash Subpoena (Doc. 148) is **GRANTED**.

Dated this 15th day of May, 2018.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**