UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CORNELL MCKAY, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF ST. LOUIS, MISSOURI, et al., <br><br> Defendants. | Case No. 4:15-cv-1315-JAR |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. GEOFFREY R. LOFTUS**

Plaintiff's expert testimony on human perception and memory would only confuse the jury and to the extent relevant, it invades the province of the jury and should be excluded.

LEGAL STANDARD

Federal Rule of Evidence 702 sets forth the standard for admitting testimony by an expert witness. The Rule provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

> (b) The testimony is based on sufficient facts or data;
>
> (c) The testimony is the product of reliable principles and methods; and
>
> (d) The expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

At the outset, Rule 702 requires that the testimony "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579, 591 (1993). Furthermore in considering relevancy, the question must be determined as to whether the expert testimony will assist the jury to understand or determine a fact in issue. *Daubert, supra.* Where the proffered testimony will not aid the jury in determining a factual dispute, it is not admissible.

## Discussion

Dr. Loftus' expert testimony relates to the general reliability of eyewitness identifications and not the particular identifications in McKay's trial in 2013. Instead, he offers testimony on several factors that should be considered by a jury considering the reliability of eyewitness identifications. These factors are: limited time by the witness to see, low lighting, stress of the situation, cross-racial identification between the witness and the person identified, and procedures used by the police when presenting photographs

2

for the eyewitness to identify. ((See Deposition of Dr. Geoffrey Loftus, pp. 21, 22, 40, 41 attached hereto).  These are all commonsense factors a jury can consider on its own without any guidance from an expert.

In *U.S. v. Martin*, 391 F.3d 949 (8th Cir. 2004) the Eighth Circuit held that the decision by the district court to exclude an expert's general opinion on the general reliability of eyewitness identifications was not an abuse of discretion. *Martin,* 391 F.3d at 954. The Court stated that the expert's testimony "would not have substantially aided the jury in understanding or determining a fact in issue."  The Court noted that the expert's testimony only related to the general reliability of eyewitness identifications and not specific eyewitness identification in the case. The Court stated that "eyewitness identification is a matter of common understanding." *Id.* (quoting *Daubert*, 509 U. S.  at 593-94).

Similarly, in *U.S. v. Kime*, 99 F.3d 870, 884 (8th Cir. 1996) the Court upheld the trial court's decision not to allow an expert's testimony regarding eyewitness identifications.[1] While acknowledging the abrogation of the bar against expert testimony on ultimate issues in Rule 704, the Court pointed to the advisory committee notes which "make it clear that when the layman

---

[1] Such expert testimony has also been excluded in Missouri state court cases. *See e.g. State v. Whitmill*, 780 S.W.2d 45 (Mo. banc 1989); *State v. Naylor*, 505 S.W.3d 290 (Mo. App. 2016); *State v. Hill*, 854 S.W.2d 486 (Mo. App. 1993).

3

juror would be able to make a common sense determination of the issue without the technical aid of such an expert, the expert testimony should be excluded as superfluous." Fed.R.Evid. 702, advisory committee note.

Allowing Dr. Loftus to testify as to the reliability of eyewitness identifications in general could ultimately be viewed as testimony on the credibility of the eyewitnesses identifications in McKay's state court trial. That is not the issue here and would only confuse the jury.

## CONCLUSION

This Court should, therefore, exclude Dr. Geoffrey Loftus testimony as an expert on eyewitness identification.

Respectfully Submitted,

**JOSHUA D. HAWLEY**
Missouri Attorney General

/s/ *Deborah Bell Yates*
Deborah Bell Yates #30798
Assistant Attorney General
Missouri Attorney General's Office
P.O. Box 861
St. Louis, MO 63188
Phone: (314) 340-7861
Fax: (314) 340-7029
Email: Deborah.Yates@ago.mo.gov
*Attorney for Defendant Spence*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July, 2018, the foregoing was filed electronically with the Clerk of Court to be served on all parties by operation of the Court's electronic filing system to all parties.

/s/ Deborah Bell Yates
Assistant Attorney General